UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAYDAY HEALTH,<br><br>      Plaintiff,<br><br>  v.<br><br>MARTY J. JACKLEY, Attorney General of South Dakota, in his official capacity,<br><br>      Defendants. | Case No. 1:26-cv-00078-KPF |

## MAYDAY'S EMERGENCY APPLICATION
## FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

Plaintiff Mayday Health respectfully moves for a temporary restraining order to prevent South Dakota Attorney General Marty J. Jackley from violating its First Amendment right to publish truthful public health information during the pendency of Mayday's Motion for Preliminary Injunction (ECF No. 14).

"The standards for granting a temporary restraining order and a preliminary injunction . . . are identical." *Nat'l Coal. on Black Civic Participation v. Wohl*, 498 F. Supp. 3d 457, 469 (S.D.N.Y. 2020) (quotation omitted). They differ only in that the relevant time frame for irreparable harm is the period before any hearing on a motion on a preliminary injunction. *Omnistone Corp. v. Cuomo*, 485 F. Supp. 3d 365, 367 (E.D.N.Y. 2020). Courts commonly enter temporary restraining orders to protect First Amendment rights. *See, e.g.*, *Robar v. Vill. of Potsdam Bd. of Trs.*, 490 F. Supp. 3d 546, 566-574 (N.D.N.Y. 2020); *Hund v. Cuomo*, 501 F. Supp. 3d 185, 207-08 (W.D.N.Y. 2020); *N.Y. News, Inc. v. NYMTA*, 753 F. Supp. 133, 140 (S.D.N.Y. 1990); *Natco Theatres, Inc. v. Ratner*, 463 F. Supp. 1124, 1129 (S.D.N.Y. 1979).

Emergency relief is necessary because Mayday will likely succeed on the merits of its First Amendment claims, Mayday has and will continue to suffer irreparable harm absent relief during the pendency of its preliminary injunction motion, and the balance of equity and the public interest supports the protection of constitutional rights and the public's access to truthful speech.

1.      Mayday is a 501(c)(3) non-profit public health education organization dedicated to sharing accurate, evidence-based information about reproductive healthcare.  On December 9, 2025, hours after discovering that Mayday had placed signs at South Dakota gas stations stating "Pregnant? Don't want to be? Learn more at www.mayday.health," South Dakota Governor Larry Rhoden invoked his government's "proud pro-life stance" and asked Attorney General Marty J. Jackley to prosecute Mayday's New York-based website and ban Mayday from publicizing it to South Dakotans by any means necessary.

2.      As set forth more fully in Mayday's Memorandum of Law in Support of a Preliminary Injunction (ECF No. 15) ("Mot.") and the accompanying declarations of Liv Raisner (ECF No. 17) and Adam S. Sieff (ECF No. 16), the Attorney General has followed through, threatening felony prosecution and thousands of dollars of civil penalties if Mayday does not remove the offending information and refrain from publishing it to South Dakotans.  His threat worked. Mayday has already censored itself by withholding ready-to-post content from its social media channels, limiting what it says publicly, and pausing plans for further publication to South Dakotans based on the fear that its speech will spur further meritless litigation and harassment. Raisner Decl. ¶¶ 18-21.

3.      Mayday is likely to succeed on the merits of First Amendment claims.  *See* Mot. 8-17.  By his actions, the Attorney General has imposed a prior restraint on Mayday's protected speech in violation of the First and Fourteenth Amendments, *Bantam Books, Inc. v. Sullivan*, 372

U.S. 58, 67 (1963), and retaliated against Mayday's protected speech in violation of the First and Fourteenth Amendments, *Houston Cmty. Coll. Sys. v. Wilson*, 595 U.S. 468, 474 (2022), based on disagreement with the content Mayday publishes and the viewpoint that leads Mayday to publish it.  This is a most "egregious form" of censorship, *Rosenberger v. Rector & Visitors of Univ. of Virginia*, 515 U.S. 819, 829 (1995), because it seeks through suppression "to prescribe what shall be orthodox in politics, nationalism, religion, or other matters of opinion." *W. Va. Bd. of Educ. v. Barnette*, 319 U.S. 624, 642 (1943).

4. Immediate injunctive relief is essential because Mayday has suffered and will continue to suffer irreparable harm before its preliminary injunction motion is heard, and because equity and the public interest support such relief.  *See* Mot. 17-18.  "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976); *e.g.*, *N.Y. Progress & Prot. PAC v. Walsh*, 733 F.3d 483, 386-87 (2d Cir. 2013).  Although Mayday has not given up speaking altogether, it is already censoring itself to avert potentially terminal liability.  Raisner Decl. ¶¶ 18-21.  Even forcing Mayday *to choose* between crippling penalties and self-censorship is irreparable harm, *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 381 (1992), particularly since any fines—not to mention criminal penalties—likely could not be recovered as damages later.  *See Regeneron Pharms., Inc. v. United States Dep't of Health & Hum. Servs.*, 510 F. Supp. 3d 29, 39 (S.D.N.Y. 2020) ("inability to recover monetary damages because of sovereign immunity renders the harm suffered irreparable").  The equity and public interest factors merge when the government is the non-movant, *N.Y. v. U.S. Dept. of Homeland Sec.*, 969 F.3d 42, 58-59 (2d Cir. 2020), and they support an injunction here.  The Attorney General has no "interest in the enforcement of an unconstitutional" law, *725 Eatery Corp. v. City of N.Y.*, 408 F. Supp. 3d 424, 470 (S.D.N.Y. 2019),

while the public interest supports "securing First Amendment rights," *N.Y. Progress & Prot. PAC*, 733 F.3d at 488, and access to truthful information of public concern.

5.  The facts and legal arguments supporting this application are set forth in more detail in Mayday's memorandum of law supporting its motion for a preliminary injunction, and its supporting declarations.

6.  Counsel for Mayday contacted counsel for the Attorney General on January 15, 2026, by phone. Counsel stated that the Attorney General intends to oppose this application.

7.  Mayday respectfully requests that this Court enter an immediate temporary restraining order enjoining the Attorney General during the pendency of Mayday's motion for preliminary injunction from taking any coercive action, formal or informal, to pressure or force Mayday to take down or refrain from the publication of the truthful public health information on its website, or the signs it has published publicizing that website.

Dated: Los Angeles, California
January 15, 2026

                          Respectfully submitted,

                          By: */s/       Adam S. Sieff*
                                    Adam S. Sieff

| | |
|---|---|
| Adam S. Sieff* <br> DAVIS WRIGHT TREMAINE LLP <br> 350 South Grand Avenue, 27th Floor <br> Los Angeles, California 90071-3487 <br> 213.663.6800 (tel) <br> adamsieff@dwt.com <br><br> Ambika Kumar* <br> Nicole Saad Bembridge* <br> DAVIS WRIGHT TREMAINE LLP <br> 920 Fifth Avenue, Suite 3300 <br> Seattle, Washington 98104-1610 <br> 206.622.3150 (tel) <br> ambikakumar@dwt.com <br> nicolesaadbembridge@dwt.com | Chelsea T. Kelly (SDNY No. CK2016) <br> Laura R. Handman (SDNY No. RH5353) <br> DAVIS WRIGHT TREMAINE LLP <br> 1301 K Street NW, Suite 500 East <br> Washington, D.C. 20005-3317 <br> 202 973.4200 (tel) <br> chelseakelly@dwt.com <br> laurahandman@dwt.com <br><br> *Admitted *pro hac vice* |

*Attorneys for Plaintiff Mayday Health*