# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **MAYDAY HEALTH**, | Case No. 1:26-cv-00078-KPF |
| *Plaintiff,* | |
| v. | DEFENDANT'S LETTER BRIEF REGARDING ANITICPATED MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION |
| **MARTY J. JACKLEY,** Attorney General for the State of South Dakota in his official capacity, | |
| *Defendant.* | |

Defendant, Attorney General Marty J. Jackley, by and through his counsel, Deputy Attorney General Amanda Miiller, hereby files this letter brief regarding its anticipated motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and Local Rule 4A.  The anticipated motion is not made with the consent of Plaintiff.

I. No Contacts or Purposeful Availment under NY Law

In order for this Court to exercise personal jurisdiction over Defendant, it must satisfy both the requirements of New York's long-arm statute and the requirements of due process.  *Newbro v. Freed*, 337 F. Supp. 2d 428, 430-31 (S.D.N.Y. 2004).  Plaintiff has failed to meet its burden on both counts.  Simply put, Attorney General Jackley has had no contacts with the State of New York.

Attorney General Jackley mailed a cease-and-desist letter, certified mail, to Plaintiff's last known business address at 442 5th Ave., #1648, New York, NY 10018.  The certified letter was returned, unopened, as the building was "vacant."  Exhibit A.  Attorney General Jackley also attempted personal service regarding the pending lawsuit in South Dakota at this same address.  Service was not effectuated because the building was currently being renovated and converted to a gym.  Exhibit B.

Next, Attorney General Jackley attempted personal service at the address Plaintiff provided to this Court in its case filing statement, 767 Broadway, #1555, New York, NY 10003.  This address led to a vacant building.  Exhibit C.  Again, no contact was made with Plaintiff in the State of New York.  Notably, on the same day Attorney General Jackley was attempting personal service at the address provided in this lawsuit, Plaintiff was changing its registered agent for service of process with the New York Department of State.  Exhibit D.  In sum, not one single letter reached the Plaintiff in the State of New York.  Affidavit of Sara Newman.  The only successful contact made with Plaintiff occurred in the State of Massachusetts.  Exhibit E.

In its Complaint, Plaintiff alleges that this Court has personal jurisdiction over Attorney General Jackley because he "transmit[ed] by U.S. Mail censorious threats to Mayday in the Southern District of New York[.]"  Doc. 1, at 4.  However, Plaintiff conveniently fails to mention that not one of these letters was actually received and—in fact—each letter was returned unopened, and undeliverable.  Plaintiff further alleges that this Court has personal jurisdiction "because the Attorney General's conduct that forms the basis for Mayday's claims occurred in New York at the Attorney General's direction."  Doc. 1, at 4.  Not only is this statement factually inaccurate, but it also ignores New York law on situs of injury.

To be clear, it is the Attorney General's position that absolutely no contacts were made with Plaintiff by U.S. Mail, as alleged in the Complaint, because every letter sent to a New York address was returned, unopened and undeliverable.  If the

Court finds an attempt to send a letter constitutes a business transaction, it would still be insufficient to assert jurisdiction. In New York, "[t]elephone calls and written communications generally are held not to provide a sufficient basis for personal jurisdiction under the long-arm statute [unless they are] shown to have been used by the defendant to actively participate in business transactions in New York." *America/International 1994 Venture v. Mau*, 146 A.D.3d 40, 53, 42 N.Y.S.3d 188, 198 (2016). Moreover, a "business transaction" requires that the defendant "purposefully avail" themselves "of the benefits and privileges of conducting business in New York." *Id.* at 52. Here, the Attorney General did not avail himself of the benefits and privileges of conducting business in New York. Rather, he sought to enforce his own state laws by noticing Plaintiff, which was conducting advertising in the State of South Dakota, to conform its actions to those required by South Dakota law. Indeed, if this Court were to consider a cease-and-desist letter purposeful availment, no state could securely enforce its own laws over foreign actors within the state's borders without the threat of being haled into a foreign court.

Plaintiff relies upon *Media Matters for Am. v. Paxton*, 138 F.4th 563 (D.C. Cir. 2025); *Def. Distributed v. Grewal*, 971 F.3d 485, 492 (5th Cir. 2020), and *Twitter, Inc. v. Paxton*, 2021 WL 1893140, at *2 (N.D. Cal. May 11, 2021) to support the exercise of personal jurisdiction over attorneys' general engaged in enforcement actions. But these cases are plainly distinguishable. In *Media Matters* the court found that defendant's action of investigating media reporting activities occurring in the District of Columbia was "expressly aimed at Media Matters in the District." *Id.* at 577. Here, Attorney General Jackley's actions are expressly aimed at Plaintiff's activities in the State of South Dakota, not New York. *See* Exhibit F ("**IMMEDIATELY CEASE AND DESIST** from conducting any advertising related to the delivery of abortion drugs to the State of South Dakota."). Further, unlike the completed service in *Media Matters*, personal service in this case was not effectuated on Plaintiff in the State of New York. *Id.* The present matter is also distinguishable from *Defense Distributed* because there, the Attorney General failed to "cabin his request by commanding the plaintiffs to stop publishing materials to New Jersey residents; he instead demands that the plaintiffs cease publication of their materials generally." *Def. Distributed*, 971 F.3d at 492. Here, Attorney General Jackley's cease-and-desist letter is limited to advertising directly and physically occurring in South Dakota that is "related to the delivery of abortion drugs to the State of South Dakota," an activity that is prohibited by South Dakota law. In the final case cited by Plaintiff, *Twitter, Inc.*, a California Court relied upon the *Calder* effects test to find personal jurisdiction under the due process clause.[1] However, both *Twitter* and *Calder* are inapplicable here because

---

1. In *Calder v. Jones,* a California Court determined that it had personal jurisdiction over an out-of-state defendant based on an article written and published in Florida because the "allegedly libelous story concerned the California activities of a California resident." *Calder v. Jones*, 465 U.S. 783, 788, 104 S. Ct. 1482, 1486, 79 L. Ed. 2d 804 (1984).

they go straight to the minimum contacts due process analysis and forego the necessary long-arm statute analysis required under New York law. "California's long-arm jurisdictional statute is coextensive with federal due process requirements." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir. 2004). However, "Section 302(a) does not extend New York's long-arm jurisdiction to the full extent permitted by the Constitution." *Best Cellars Inc. v. Grape Finds at Dupont, Inc.*, 90 F. Supp. 2d 431, 445 (S.D.N.Y. 2000). It is the Attorney General's position that Plaintiff has failed to meet their burden of establishing personal jurisdiction under New York's long-arm statute.

The facts presented here are more similar to those in *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476 (5th Cir. 2008). In that case, an Arizona Real Estate Commissioner mailed a cease-and-desist letter to a Texas company alleging that it was engaged in the unlicensed sale of timeshares. *Id.* at 480. Applying the minimum contacts due process analysis, the court determined that "[a]lthough the Commissioner ha[d] 'reached out' to assert her authority over [Plaintiff's] Arizona-related business activities, she ha[d] not 'purposefully availed' herself of the benefits of Texas law like someone actually 'doing business' in Texas." *Id.* at 484. Indeed, the court determined "the Commissioner, a nonresident state official, could not have reasonably anticipated being haled into federal court in Texas to defend her enforcement of the Arizona statute." *Id.* The same is true here. Attorney General Jackley attempted to send a cease-and-desist letter to Plaintiff in New York. It was not delivered. Even if it had been, he did not purposefully avail himself of New York law like someone doing business there. He could not have reasonably expected to be haled into a New York court to defend his enforcement of South Dakota law, particularly over activity that occurred entirely in the State of South Dakota.

Plaintiff's additional allegation regarding the Attorney General's New York conduct as a basis for jurisdiction is misplaced. *See* Doc. 1, page 4. Unlike the case cited in Plaintiff's Complaint, where attorneys' general of several states met in New York to negotiate and sign a settlement agreement, *see Grand River Enters. Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 167 (2d Cir. 2005); Attorney General Jackley has never set foot in New York for this matter. Plaintiff justifies this allegation by claiming that the Attorney General's actions have caused "irreparable injuries in New York." Doc. 1, page 4. However, New York "courts apply a 'situs-of-injury test,' which asks them to locate the 'original event which caused the injury.'" *Brown v. Web.com Grp., Inc.*, 57 F. Supp. 3d 345, 356 (S.D.N.Y. 2014). "The situs of the injury is the location of the original event which caused the injury, not the location where the resultant damages are felt by the plaintiff." *Id.* The location of the original event is South Dakota, where Plaintiff posted placards at gas stations that advertise the availability of illegal abortion services within the state. The fact that Plaintiff alleges resulting injuries in New York is irrelevant to the Court's jurisdictional analysis.

4

Dated this 22nd day of January 2026.

        **MARTY J. JACKLEY**
        Attorney General
        State of South Dakota

        */s/ Amanda Miiller*
        By: Amanda Miiller (SD Bar No. 4271)
        *pro hac vice*
        Deputy Attorney General
        1302 East SD Highway 1889, Suite 1
        Pierre, SD 57501-8501
        Telephone: (605) 773-3215
        Fax: (605) 773-4106
        amanda.miiller@state.sd.us

        *Attorneys for Plaintiff State of South Dakota*

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of January 2026, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern District of New York by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

        */s/Amanda Miiller*
        By: Amanda Miiller (SD Bar No. 4271)
        *pro hac vice*
        Deputy Attorney General