UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAYDAY HEALTH,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MARTY J. JACKLEY, Attorney General of South Dakota, in his official capacity,<br><br>　　　　　　Defendant. | Case No. 1:26-cv-00078-KPF<br><br>**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE** |

## INTRODUCTION

Plaintiff Mayday Health submits this response to the Court's February 11, 2026 Order directing the parties to show cause why this action should not be dismissed under *Younger v. Harris*, 401 U.S. 37 (1971). At the outset, it is unclear why Defendant is still pursuing any state court action at all—Defendant told this Court he would not "continue with the civil enforcement action" if Mayday's gas station signs were taken down, Sieff Decl. Ex. 1 (Jan. 16 Hr'g Tr.) 10:10-18, and, to Mayday's knowledge as of this filing, gas station owners have on their own taken Mayday's signs down. In any case, this case no longer presents any possible occasion for abstention, and even if it did, abstaining now would be premature.

*First*, the South Dakota trial court has now confirmed what Mayday had argued from the start: no state action existed when Mayday filed this case on January 6, 2026. Only on February 18, 2026—forty-three days later—did Defendant initiate a state proceeding. *Younger* abstention turns on the existence of an ongoing state proceeding *at the time* the federal complaint is filed. There was none here, and the proceedings have progressed enough before this Court to exercise federal jurisdiction.

*Second*, even if *Younger* were otherwise implicated, dismissal would be premature. The Second Circuit requires an evidentiary hearing where a plaintiff plausibly invokes the bad-faith exception. Already, Mayday has made a detailed, non-conclusory showing of an improper retaliatory motive. At minimum, it is entitled to limited discovery and a hearing before this Court declines jurisdiction.

**ARGUMENT**

**I.      *Younger* Does Not Apply Since There Was No State Action When Mayday Filed Suit**

Before a federal court may consider abstaining under *Younger*, there must be some "pending state proceeding" at the time the federal action is filed. *Spargo v. N.Y. State Comm'n on Judicial Conduct*, 351 F.3d 65, 75 (2d Cir. 2003). Timing is key. *See Ankenbrandt v. Richards*, 504 U.S. 689, 705 (1992) (clear error to abstain under *Younger* when state proceedings were not ongoing at the time federal action was filed). *Younger* abstention "is evaluated at the time of filing, and it is not continuously re-evaluated throughout the pendency of a proceeding." *Gristina v. Merchan*, 131 F.4th 82, 87 (2d Cir. 2025) (citing *Hansel v. Town Ct. for Town of Springfield, N.Y.*, 56 F.3d 391, 393 (2d Cir. 1995)). Thus in *Cecos Int'l, Inc. v. Jorling*, 895 F.2d 66, 72 (2d Cir. 1990), the Second Circuit held *Younger* inapplicable when a state action was not commenced until *after* a plaintiff brought a federal action, even though it was foreseeable that a state proceeding would be instituted in the future. And in *Lane v. Whinnery*, 2025 WL 2391804, at *4 (E.D.N.Y. Aug. 18, 2025), Judge Cogan refused to abstain when a state proceeding was "commenced after" the federal action since "*Younger* abstention only applies to state cases that were already pending at the time the federal case is filed."

So, too, here. The South Dakota trial court held that no proceeding existed in any South Dakota tribunal before February 18, 2026, when Defendant finally filed a complaint and served

2

Mayday.  Sieff Decl. Ex. 2 (Feb. 20 Hr'g Tr.) at 15:2-3.  There was thus nothing to abstain for when Mayday filed this action on January 6, 2026.  ECF No. 1.

Defendant's belated initiation of state proceedings after this Court adjudicated Mayday's motion for a preliminary injunction does not change the analysis.  A later-filed state proceeding only possibly triggers *Younger* if instituted before "proceedings of substance on the merits have taken place in federal court."  *Hicks v. Miranda*, 422 U.S. 332, 349 (1975).  This means federal proceedings must *not* have proceeded beyond "an embryonic stage" and the federal court must *not* have "decided" any "contested matter."  *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 929 (1975).  Thus while the cursory denial of a temporary restraining order was not enough to retain federal jurisdiction in either *Hicks* or *Doran*, the adjudication and issuance of a preliminary injunction following issuance of a temporary restraining order *was* substantial enough to maintain jurisdiction in *Hawaii Housing Authority v. Midkiff*, 467 U.S. 229, 238 (1984) (further leaving open the possibility that only issuing a temporary restraining order—without more—could be "a substantial federal court action").

The proceedings here fall far nearer to *Midkiff* than either *Hicks* or *Doran*.  At the time Defendant filed the state action on February 18, this Court had already held four hearings, and received more than 600 pages of briefing, declarations, affidavits, and exhibits.  It had granted Mayday's motion for temporary restraining order on the merits and issued an order to show cause, ECF No. 23, and twice rejected Defendant's argument that the Court lacked personal jurisdiction, Sieff Decl. Ex. 3 (Feb. 11 Hr'g Tr.) at 3:19-24; 4:15-16; Ex. 1 (Jan. 16 Hr'g Tr.) at 7-10.  And though the Court declined to grant Mayday's preliminary injunction under *Younger*, ECF No. 47, the Court addressed the merits in detail, concluding "that absent *Younger* abstention, this Court would be granting plaintiff's motion for injunctive relief."  Sieff Decl. Ex. 3 (Feb. 11 Hr'g Tr.) at

3

15:18-20. This is much more litigation progress than what courts in the Second Circuit—heeding the Supreme Court's direction to apply *Younger* narrowly—have deemed sufficiently "embryonic" to abstain under *Hicks*. *See, e.g.*, *Blackwelder v. Safnauer*, 689 F. Supp. 106, 117 (N.D.N.Y. 1988) (abstaining when the court had only "granted a motion … to file an amended complaint and granted a motion [to] intervene").[1]  In fact, courts have found that—as here—even "the *denial* of preliminary injunctive relief, at least after an extended evidentiary hearing, constitutes 'proceedings of substance on the merits' within the meaning of *Hicks*." *Id.* (citing *Adultworld Bookstore v. City of Fresno*, 758 F.2d 1348, 1350-51 (9th Cir. 1985) and *Red Bluff Drive–In, Inc. v. Vance*, 648 F.2d 1020, 1033 (5th Cir. 1981)).

The Ninth Circuit's decision in *Nationwide Biweekly Administration, Inc. v. Owen*, 873 F.3d 716, 728-30 (9th Cir. 2017) is instructive. That case involved a plaintiff's appeal from the denial of a preliminary injunction against state defendants, who filed an enforcement action in California court while the appeal was pending. The Ninth Circuit declined to abstain under *Hicks* given "the extent of the district court's involvement in the merits." *Id.* at 728-30. The district court had "spent a substantial amount of time evaluating the merits of the cases in considering and denying (in a detailed and reasoned order) Nationwide's motions for preliminary injunctions." *Id.* at 729.[2]  It "considered the submissions of the parties and the relevant law," including "more than

---

[1] In general, Second Circuit courts abstain under *Hicks* when—at the time of the later-filed state action—federal proceedings have not progressed beyond the filing or adjudication of pleadings, or non-merits motions. *See, e.g.*, *McGRX, Inc. v. Vermont*, 452 F. App'x 74, 75 (2d Cir. 2012) (abstaining when only federal proceeding was adjudication of pleadings motions); *Giulini v. Blessing*, 654 F.2d 189, 193 (2d Cir. 1981) (abstaining when "sole action was a sua sponte dismissal by Judge Griesa for lack of jurisdiction"); *Donohue v. Mangano*, 886 F. Supp. 2d 126, 142 (E.D.N.Y. 2012) (abstaining when plaintiff had only filed a motion for injunctive relief); *Arbitron Inc. v. Cuomo*, 2008 WL 4735227, at *4 (S.D.N.Y. Oct. 27, 2008) (abstaining when "all that has happened is the denial of a TRO and the scheduling of a preliminary injunction hearing"); *Cuomo v. Dreamland Amusements, Inc.*, 2008 WL 4369270, at *10 (S.D.N.Y. Sept. 22, 2008) (no proceedings beyond filing of complaint and motions for injunctive relief and to dismiss)

[2] This Court's orders on Mayday's motions for a temporary restraining order and preliminary injunction were read into the record, but no less "detailed and reasoned."

100 pages of briefing and more than 250 pages of declarations, affidavits, and exhibits in support of the motions," and cited several cases "related to the merits" in its decisions. *Id.* Additionally, the district court "spent time considering the Commissioner's non-*Younger*-related motion to dismiss," even though it did not rule on the motion. *Id.* And importantly, the Ninth Circuit thought it relevant "that denials of preliminary injunctions, unlike denials of temporary restraining orders, are appealable," which it found "indicates that Congress and the federal courts treat denials of preliminary injunctions as significant decisions." *Id.* at 730 (noting it "would be at least odd to label a case 'embryonic' when" it was possible to "progress[] to a second level" of federal review).

This case is similarly situated. The Court has spent considerable time adjudicating the merits of Mayday's First Amendment claims, and the Court has issued two orders analyzing record evidence and legal authority to make specific merits-based determinations—including an initial order exercising the Court's equitable power to enjoin the Defendant and his office, and an appealable order denying Mayday's motion for preliminary injunction under *Younger* despite finding that injunctive relief would otherwise be warranted on the merits. That is not embryonic litigation, but substantial merits adjudication.

## II.     The Court Should At Minimum Permit Discovery on Defendant's Bad Faith

Even if *Younger* were otherwise implicated, dismissal would be premature.

The Second Circuit has made clear that where a plaintiff plausibly invokes the bad-faith exception, a district court may not resolve factual disputes based solely on the defendant's assertions of good faith without affording the plaintiff an opportunity to develop and present evidence of bad faith. *See Kern v. Clark*, 331 F.3d 9, 12 (2d Cir. 2003). The court "err[s]" by dismissing without an evidentiary hearing where bad faith is genuinely disputed. *Id.* at 10 (reversing district court's decision to dismiss under *Younger* for this reason). Even outside the *Younger* context, the Second Circuit disfavors dismissing for lack of jurisdiction without allowing

discovery where jurisdictional facts are contested. *See, e.g.*, *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 207 (2d Cir. 2003) (reversing dismissal because district court "improperly denied plaintiffs the opportunity to engage in limited discovery" on personal jurisdiction); *Texas Int'l Magnetics, Inc. v. BASF Aktiengesellschaft*, 31 F. App'x 738, 740 (2d Cir. 2002) (same).

Following *Kern*, district courts within this Circuit routinely permit plaintiffs to probe bad faith to overcome *Younger* before dismissal. *See, e.g.*, *Sica v. Connecticut*, 331 F. Supp. 2d 82, 88 (D. Conn. 2004) (declining to dismiss without discovery and a hearing into subjective motivation); *McCulley v. N.Y.S. Dep't of Env't Conservation*, 593 F. Supp. 2d 422, 425 (N.D.N.Y. 2006) (explaining the Court's prior referral of the case to the Magistrate Judge for an evidentiary hearing on bad-faith exception to *Younger*). Courts outside this Circuit follow the same approach. In *Netflix, Inc. v. Babin*, 88 F.4th 1080, 1085 (5th Cir. 2023), for example, the court applied the bad-faith exception after permitting discovery and a seven-hour evidentiary hearing. And in *Exxon Mobil Corp. v. Healey*, 215 F. Supp. 3d 520, 522-23 (N.D. Tex. 2016), the court refused to dismiss Exxon's action against the Massachusetts Attorney General under *Younger* and ordered jurisdictional discovery to address whether the "bad faith" exception applied.

Already, Mayday has presented evidence—not just allegations—indicating that Defendant took adverse action against Mayday for an improper bad faith purpose. *See* ECF No. 15 at 14-17; ECF No. 40 at 8-11 (citing evidence). Even if that pre-discovery record was not sufficient to overcome *Younger* at the preliminary injunction stage, Mayday is permitted under *Kern*, 331 F.3d at 12, to take discovery and hold an evidentiary hearing on the bad faith exception before this action is dismissed. Mayday's limited discovery would include requests for production and deposition testimony into the subjective motivations of Defendant to pursue action against Mayday. Without limitation, the document requests would seek correspondence (emails, text

messages, records of phone calls, and calendar invites regarding meetings) with Defendant's staff, consultants, the Governor's office, Defendant's campaign manager, and Defendant's campaign staff concerning Mayday.[3]  And deposition notices would be served upon Defendant, officials in Defendant's and the Governor's offices, as well as other aides, staff, and consultants.

## **CONCLUSION**

Mayday respectfully requests that the Court exercise jurisdiction because *Younger* does not apply.  If the Court finds that *Younger* remains a live issue, Mayday requests limited discovery and an evidentiary hearing into Defendant's subjective motivations for bringing his state action.

---

[3] Defendant is currently running to become the Republican candidate for a U.S. House seat representing South Dakota.  *See,* MARTY JACKLEY FOR CONGRESS, https://martyjackley.com/ (last visited Feb. 27, 2026).

Dated: Los Angeles, California

March 2, 2026

             Respectfully submitted,

             By: */s/*  *Adam S. Sieff*
                Adam S. Sieff

| | |
|---|---|
| Adam S. Sieff* | Chelsea T. Kelly (SDNY No. CK2016) |
| DAVIS WRIGHT TREMAINE LLP | Laura R. Handman (SDNY No. RH5353) |
| 350 South Grand Avenue, 27th Floor | Azeezat Adeleke* |
| Los Angeles, California 90071-3487 | DAVIS WRIGHT TREMAINE LLP |
| 213.663.6800 (tel) | 1301 K Street NW, Suite 500 East |
| adamsieff@dwt.com | Washington, D.C. 20005-3317 |
| | 202 973.4200 (tel) |
| Ambika Kumar* | chelseakelly@dwt.com |
| Nicole Saad Bembridge* | laurahandman@dwt.com |
| DAVIS WRIGHT TREMAINE LLP | azeezatadeleke@dwt.com |
| 920 Fifth Avenue, Suite 3300 | |
| Seattle, Washington 98104-1610 | Ryan W. Hicks (NY Bar No. 5928742) |
| 206.622.3150 (tel) | DAVIS WRIGHT TREMAINE LLP |
| ambikakumar@dwt.com | 1251 Avenue of the Americas, 42nd Fl. |
| nicolesaadbembridge@dwt.com | New York, NY 10020 |
| | 212.489.8230 (tel) |
| | ryanhicks@dwt.com |

             *Admitted pro hac vice*

             *Attorneys for Plaintiff Mayday Health*

## CERTIFICATION OF WORD COUNT

I certify that the qualifying portions of the foregoing memorandum of law contains 2062 words and therefore complies with Local Rule 7.1(c) and this Court's Individual Rules of Practice in Civil Cases.

*/s/     Adam S. Sieff*
Adam S. Sieff